IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Saron Paul Pereira,<br>    Plaintiff<br><br>v.<br><br>Pamir, Inc.; ARC Retail, Inc.; Allauddin S. Charolia; and, Arif A. Charolia,<br>    Defendants. | Civil Action<br>File No. 4:25-cv-<br><br><br>Jury Demanded |

### PLAINTIFF'S ORIGINAL COMPLAINT

PLAINTIFF Saron Paul Pereira ("Mr. Pereira" or "Plaintiff") files this complaint against Defendants Pamir, Inc.; ARC Retail, Inc.; Allauddin S. Charolia; and, Arif A. Charolia (the "Defendants"), and alleges the following:

## I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Mr. Pereira brings this civil action against the Defendants pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Mr. Pereira seeks unpaid straight-time and overtime wages, liquidated damages, attorney's fees, costs, and post-judgment interest.

2. The Defendants collectively own and operate gasoline stations with convenience stores and gambling operations in Texas, including a Fuel Express branded gasoline station operating as "Shop N Go", located at 7800 Almeda Road, Houston, Texas 77054 (hereinafter, the "Shop N Go").

3. Mr. Pereira worked as an hourly paid store clerk at the Shop N Go.

4. In willful violation of 29 U.S.C. § 207(a), Defendants failed to pay Mr. Pereira's overtime wages. Additionally, in willful violation of 29 U.S.C. § 206(a), Defendants failed to pay a portion of Mr. Pereira's straight-time wages.

1

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5.     Subject matter jurisdiction exists under 28 U.S.C. §1331 because Mr. Pereira's claims arise under the FLSA (29 U.S.C. §§ 207(a), 206(a) and 216(b)).

6.     Venue is proper in the Southern District of Texas under 28 U.S.C. §1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7.     Plaintiff Saron Paul Pereira is a resident of Harris County, Texas.

8.     Defendant Pamir, Inc. is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent (and an individual Defendant herein): Mr. Allauddin S. Charolia, at 606 Newington Lane, Sugar Land, Texas 77479, or at any other address where the registered agent may be found. By owning and operating the Shop N Go, Defendant Pamir, Inc. (along with the other Defendants) has acted, directly or indirectly, in the interest of an employer with respect to its employee (i.e., the Plaintiff). Further, this Defendant conducts business in the State of Texas.

9.     Defendant ARC Retail, Inc. is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent (and an individual Defendant herein): Mr. Arif A. Charolia, at 606 Newington Lane, Sugar Land, Texas 77479, or at any other address where the registered agent may be found. By owning and operating the Shop N Go, Defendant ARC Retail, Inc. (along with the other Defendants) has acted, directly or indirectly, in the interest of an employer with respect to its employee (i.e., the Plaintiff). Further, this Defendant conducts business in the State of Texas.

10.     Defendant Allauddin S. Charolia is an individual who may be served with summons and complaint at 606 Newington Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns, controls and operates an enterprise that owns, or has

owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the business establishment(s) owned and operated by the legal entity Defendants. As an 'employer', Mr. Allauddin S. Charolia is personally liable to Plaintiff Pereira for all damages that have resulted from Defendants' multiple violations of the FLSA.

11. Defendant <u>Arif A.</u> Charolia is an individual who may be served with summons and complaint at 606 Newington Lane, Sugar Land, Texas 77479, or at any other address where he may be found. This Defendant owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the business establishment(s) owned and operated by the legal entity Defendants. As an 'employer', Mr. Arif A. Charolia is personally liable to Plaintiff Pereira for all damages that have resulted from Defendants' multiple violations of the FLSA.

12. Whenever this complaint alleges that any or all of the Defendants committed an act or omission, it is meant that such act or omission was not only committed by such Defendant(s), but also by its mangers, agents and/or employees. Further, each such act or omission occurred with full authorization, ratification or approval of such Defendant(s), and/or occurred in the routine normal course and scope of employment of one or more of Defendant's mangers, agents and/or employees.

## IV.
## FLSA COVERAGE

13. Plaintiff alleges a willful violation of the FLSA, and for purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment. Mr. Pereira's asserted claims arise within the relevant period.

14. Defendant Allauddin S. Charolia was and/or is a shareholder and owner of Defendant Pamir, Inc.

15. Defendant Allauddin S. Charolia was and/or is a shareholder and owner of Defendant ARC Retail, Inc.

16. Defendant Allauddin S. Charolia was and/or is a director of Defendant Pamir, Inc.

17. Defendant Allauddin S. Charolia was and/or is a director of Defendant ARC Retail, Inc.

18. Defendant Allauddin S. Charolia was and/or is an officer of Defendant Pamir, Inc.

19. Defendant Allauddin S. Charolia was and/or is an officer of Defendant ARC Retail, Inc.

20. Defendant Allauddin S. Charolia manages and/or managed the operations of each business owned and operated by Defendant Pamir, Inc.

21. Defendant Allauddin S. Charolia manages and/or managed the operations of each business owned and operated by Defendant ARC Retail, Inc.

22. Defendant Allauddin S. Charolia has and/or had the authority to make decisions pertaining to the operations of each business owned and operated by Defendant Pamir, Inc.

23. Defendant Allauddin S. Charolia has and/or had the authority to make decisions pertaining to the operations of each business owned and operated by Defendant ARC Retail, Inc.

24. Defendant Arif A. Charolia was and/or is a shareholder and owner of Defendant Pamir, Inc.

25. Defendant Arif A. Charolia was and/or is a shareholder and owner of Defendant ARC Retail, Inc.

26. Defendant Arif A. Charolia was and/or is a director of Defendant Pamir, Inc.

27. Defendant Arif A. Charolia was and/or is a director of Defendant ARC Retail, Inc.

28. Defendant Arif A. Charolia was and/or is an officer of Defendant Pamir, Inc.

29. Defendant Arif A. Charolia was and/or is an officer of Defendant ARC Retail, Inc.

30. Defendant Arif A. Charolia manages and/or managed the operations of each business owned and operated by Defendant Pamir, Inc.

31. Defendant Arif A. Charolia manages and/or managed the operations of each business owned and operated by Defendant ARC Retail, Inc.

32. Defendant Arif A. Charolia has and/or had the authority to make decisions pertaining to the operations of each business owned and operated by Defendant Pamir, Inc.

33. Defendant Arif A. Charolia has and/or had the authority to make decisions pertaining to the operations of each business owned and operated by Defendant ARC Retail, Inc.

34. During a part of the relevant period, Defendant Pamir, Inc. was Mr. Pereira's employer under 29 U.S.C. § 203(d).

35. During a part of the relevant period, Defendant ARC Retail, Inc. was Mr. Pereira's employer under 29 U.S.C. § 203(d).

36. During a part of the relevant period, Defendant Allauddin S. Charolia was Mr. Pereira's employer under 29 U.S.C. § 203(d).

37. During a part of the relevant period, Defendant Arif A. Charolia was Mr. Pereira's employer under 29 U.S.C. § 203(d).

38. During a part of the relevant period, Mr. Pereira was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Pamir, Inc.

39. During a part of the relevant period, Mr. Pereira was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant ARC Retail, Inc.

40. During a part of the relevant period, Mr. Pereira was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Allauddin S. Charolia.

41. During a part of the relevant period, Mr. Pereira was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Arif A. Charolia.

42. During the relevant period, Defendants were a common enterprise and "joint employer" under 29 U.S.C. § 203(r).

43. During the relevant period, the Defendants collectively comprised an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" because they had employees, including Mr. Pereira, who were engaged in commerce and in the production of goods for commerce. 29 U.S.C. §§ 203(s)(1), 206, 207.

44. For each year encompassing some or all of the relevant period, Defendants generated the annual gross business volume in excess of the statutory standard.

45. Mr. Pereira was engaged in the "production of goods" because he was employed in "producing, manufacturing, mining, **handling**, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods." [emphasis supplied] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil Cases) §11.24(B) (2020). Thus, for the relevant period, Mr. Pereira meets the FLSA's individual coverage requirement because he was engaged in the 'production of goods', which entails, among other methods, the 'handling' of goods that travelled from out of state. See, *Brennan v. Greene's Propane Gas Service*, 479 F.2d 1027, 1030 (5th Cir. 1973).

46. Also, Defendants had employees, including Mr. Pereira, who were handling, selling, or otherwise working on goods or materials that had been handled, moved in, or produced for commerce, which were then used in furtherance of Defendants' commercial activities at the Shop N Go.

## V.
### FACTS

47. The Defendants collectively own and operate gasoline stations with convenience stores and gambling operations in Texas, including a Fuel Express branded gasoline station operating as "Shop N Go", located at 7800 Almeda Road, Houston, Texas 77054 (hereinafter, the "Shop N Go").

48. Mr. Pereira worked as an hourly paid store clerk at the Shop N Go from approximately March 14, 2023, until August 25, 2024.

49. As a store clerk, Mr. Pereira's job duties primarily included: a) operating the store's cash register in order to ring up sales; b) assisting in-state and out-of-state customers with their purchases of gasoline and other items from the Shop N Go's convenience store; and, c) general upkeep of the premises.

50. Defendants do not have any records indicating the precise amount of time Mr. Pereira worked on a weekly basis during his employment at the Shop N Go.

51. Additionally, because Defendants paid Mr. Pereira with cash, they do not have any paychecks or paystubs indicating the precise amount of weekly wages Mr. Pereira received during his employment at the Shop N Go.

52. The Defendants required Mr. Pereira to work well in excess of 40 hours a week during his employment at the Shop N Go, and Mr. Pereira was not allowed to take any lunch or other breaks; he was expected to eat while he continued to work on his shift.

53. Typically, Mr. Pereira worked from 6:00 a.m. until 4:00 p.m., every day.

54. In addition, Mr. Pereira worked off-the-clock hours each week as his employer required, for which he did not receive any pay.

55. Although Mr. Pereira was non-exempt under the FLSA, he received no overtime pay despite working more than 40 hours each workweek of his employment at the Shop N Go.

56. In addition, Defendants failed to pay some of Mr. Pereira's straight-time wages for the weekly off-the-clock hours he was required to work at the Shop N Go.

57. Defendants willfully failed to pay Mr. Pereira's wages, and these willful violations occurred repeatedly during each workweek falling within the period beginning March 14, 2023, and ending August 25, 2024.

58. Now, Mr. Pereira sues the Defendants to recover his unpaid wages and all other damages allowed under the FLSA.

## VI.
## CAUSES OF ACTION AND DAMAGES SOUGHT

*Defendants' weekly willful violations of 29 U.S.C. §§ 207(a) and 206(a) – Failure to pay straight-time and overtime wages*

59. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

60. Defendants' violations of 29 U.S.C. § 207(a) occurred on a repeating weekly basis, in that Defendants failed to pay Mr. Pereira's weekly overtime wages during each workweek falling within the period beginning March 14, 2023, and ending August 25, 2024.

61. The Defendants committed repeated and willful violations of the FLSA (approximately 76 violations) because they failed to pay Mr. Pereira's overtime wages during each full workweek falling within his period of employment, thereby committing multiple counts of statutory wrongdoing, repeated consistently each week.

62. Mr. Pereira was an hourly paid non-exempt employee under the FLSA.

63. Mr. Pereira was entitled to receive overtime pay for all hours he worked in excess of 40 during each workweek falling within the period of his employment beginning March 14, 2023, and ending August 25, 2024.

64. Likewise, although Mr. Pereira was entitled to receive straight-time wages at his base hourly rate for all hours worked, the Defendants failed to do so for many of the hours he worked at the Shop N Go.

65. Despite Defendants' awareness of the overtime pay requirements imposed upon them by 29 U.S.C. § 207(a), they chose not to pay Mr. Pereira's overtime wages.

66. Similarly, despite Defendants' awareness of the straight-time pay requirements imposed upon them by 29 U.S.C. § 206(a), they chose not to pay some of Mr. Pereira's straight-time wages.

67. Each Defendant's knowing, repeated and consistent failure to pay Mr. Pereira's straight-time and overtime wages on a weekly basis amounts to a clear and willful pattern and practice of illegal conduct the FLSA prohibits.

68. Mr. Pereira therefore seeks to recover all straight-time and overtime wages, along with an equal additional amount as liquidated damages allowed by 29 U.S.C. § 216(b).

69. Mr. Pereira also seeks (a) his attorney's fees and costs pursuant to 29 U.S.C. §216(b), and (b) post-judgment interest at the prevailing legal rate.

## VII.
### JURY DEMAND

70. Mr. Pereira herein demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Saron Paul Pereira respectfully requests that upon final hearing, the Honorable Court enter a Final Judgment against Defendants Pamir, Inc.; ARC Retail, Inc.; Allauddin S. Charolia; and, Arif A. Charolia, jointly and severally, as follows:

   a. Declare each Defendant willfully violated 29 U.S.C. § 207(a) by repeatedly and consistently failing to pay Mr. Pereira's overtime wages on a weekly basis during the period beginning March 14, 2023, and ending August 25, 2024;

b. Order each Defendant to pay Mr. Pereira's unpaid overtime wages pursuant to 29 U.S.C. § 207(a);

c. Declare each Defendant willfully violated 29 U.S.C. § 206(a) by repeatedly and consistently failing to pay a portion of Mr. Pereira's straight-time wages on a weekly basis during the period beginning March 14, 2023, and ending August 25, 2024;

d. Order each Defendant to pay Mr. Pereira's unpaid straight-time wages pursuant to 29 U.S.C. § 206(a);

e. Order each Defendant to pay liquidated damages in an amount equaling the unpaid straight-time and overtime wages awarded by the jury;

f. Order each Defendant to pay Mr. Pereira's attorney's fees and costs pursuant to 29 U.S.C. §216(b);

g. Order each Defendant to pay post-judgment interest at the highest lawful rate on all wages, liquidated damages, attorney's fees and costs under 29 U.S.C. § 207(a), 29 U.S.C. § 206(a) and 29 U.S.C. § 216(b); and,

h. Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the broad remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:   /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Saron Paul Pereira**